## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 28 2020, 10:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry Eugene Reust, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 28, 2020

Court of Appeals Case No.
20A-CR-729

Appeal from the Huntington
Circuit Court

The Honorable Davin G. Smith,
Judge

Trial Court Cause No.
35C01-1910-F3-338

**Baker, Judge.**

[1] Larry Reust, Jr., appeals his conviction and the sentence imposed by the trial court for Level 3 Felony Possession of a Narcotic Drug,[1] arguing that the evidence was insufficient to support the conviction and that the sentence was inappropriate in light of the nature of the offense and his character. Finding the evidence sufficient and the sentence not inappropriate, we affirm.

## Facts

[2] On October 22, 2019, Huntington County Sheriff's Department Deputy Jamin Sands transported Reust to the Huntington County Jail to be booked for an unrelated crime. While Deputy Sands was reading Reust the arrest warrant, he noticed that Reust "appeared to be adjusting his pants." Tr. Vol. III p. 114. Then, Special Deputy Joshua Platt took Reust to a dressing room so that he could change into a jail uniform. Deputy Platt decided to strip search Reust by asking him to "bend over and squat and cough." *Id.* at 119. After Reust twice failed to complete the procedure, he eventually did what Deputy Platt requested.

[3] It was at this point that Deputy Platt "was able to see the end of a plastic baggie near his rectum." *Id.* Deputy Platt asked Reust to remove the baggie and hand it to him; Reust complied. Deputy Platt handed the plastic baggie to Deputy Sands, and while doing so, he noticed that the plastic baggie contained a "brown substance." *Id.* at 120. Deputy Sands then placed the baggie in a secure

---

[1] Ind. Code § 35-48-4-6(a), -6(d)(2).

evidence locker and eventually sent it off to the Indiana State Police Laboratory to be tested. A representative from the lab reported that the substance was a combination of heroin and tramadol and that it weighed a total of 13.55 grams.

[4] On October 23, 2019, the State charged Reust with one count of Level 3 felony possession of a narcotic drug due to a prior conviction for dealing in a controlled substance. The State also alleged that Reust was an habitual offender. On November 3, 2019, Special Deputy Sidney Jeffers spoke with Reust on an unrelated matter, and during that conversation, Reust told Deputy Jeffers that "when he came to the jail—initially came into the jail—that he had brought heroin inside of his butt checks." *Id.* at 150-51.

[5] Following Reust's March 10-11, 2020, trial, the jury found him guilty as charged. Additionally, Reust admitted to being an habitual offender. On March 24, 2020, the trial court sentenced Reust to twelve years in the Department of Correction (DOC) for the Level 3 felony conviction, with an additional thirteen years imposed for the habitual offender enhancement, for an aggregate term of twenty-five years. Reust now appeals.

# Discussion and Decision

## I. Sufficiency of Evidence

[6] First, Reust argues that the evidence was insufficient to support his conviction for Level 3 felony possession of a narcotic drug. When reviewing the sufficiency of the evidence supporting a conviction, we must affirm if the probative evidence and reasonable inferences drawn therefrom could have allowed a

reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). It is not our job to reweigh the evidence or to judge the credibility of the witnesses, and we consider any conflicting evidence most favorably to the trial court's ruling. *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005).

[7] To convict Reust of Level 3 felony possession of a narcotic drug, the State was required to prove beyond a reasonable doubt that Reust, without having a valid prescription or order, knowingly or intentionally possessed a pure or adulterated narcotic drug, that the amount of the drug was between ten and twenty-eight grams, and that an enhancing circumstance applies. I.C. § 35-48-4-6(a), -6(d)(2). Reust contends that the evidence was insufficient to prove that (1) he knowingly possessed the narcotics; and (2) the amount of the drug was between ten and twenty-eight grams.

[8] First, regarding the knowingly element, "[a] person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). It is undisputed that when booking Reust, Deputy Sands noticed that Reust "appeared to be adjusting his pants." Tr. Vol. III p. 114. Later, during Reust's strip search, Deputy Platt asked Reust to turn his head and cough. After two failed attempts, Reust eventually complied with Deputy Platt's instructions, which caused Deputy Platt to notice the end of a plastic baggie sticking out of Reust's anus. Later on, Reust admitted to Deputy Jeffers that "when he came to the jail—

initially came into the jail—that he had brought heroin inside of his butt checks." *Id.* at 150-51.

[9] Based on this evidence, we believe a reasonable factfinder could conclude that Reust knowingly possessed the narcotics. Not only were the drugs stashed in a very intimate area over which no other person besides Reust would have had control, but Reust also confessed to bringing the narcotics with him when he initially appeared in jail. In other words, it can reasonably be deduced that Reust was aware of a high probability that he possessed narcotics. Thus, given Reust's actions during his arrest, the location of the hidden drugs, and his confession, we find that the evidence was sufficient to prove the "knowingly" element.

[10] Next, regarding the amount/weight of the drugs in question, Reust argues that "it should have been beholden upon the State to prove exactly how much controlled substance was in the baggie as it is the precise amount of controlled substance that is indicative of the harm to society that would be inflicted upon it by the defendant. The State simply failed to do so." Appellant's Br. p. 17. However, the State has done nothing but present uncontroverted evidence that the narcotics in question weighed 13.55 grams. Reust's demand that we reevaluate the narcotics themselves, their amount, and whether the lab report was credible amounts to nothing more than a request that we reweigh the evidence, which we may not do. A reasonable trier of fact could have determined that the amount of the drug in question weighed between ten and twenty-eight grams based solely on the results from the laboratory report.

[11]   In sum, the evidence is sufficient.

# II. Appropriateness

[12]   Next, Reust argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character.

[13]   Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The question is not whether another sentence is more appropriate, but whether the defendant's specific sentence is inappropriate. *Steinberg v. State*, 941 N.E.2d 515, 535 (Ind. Ct. App. 2011). In determining whether the sentence is inappropriate, we will consider numerous factors such as culpability of the defendant, the severity of the crime, the damage done to others, and a "myriad [of] other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[14]   For someone who commits the offense of Level 3 felony possession of a narcotic drug, the maximum sentence is sixteen years, and the minimum sentence is three years. Ind. Code § 35-50-2-5(b). The advisory sentence is nine years. *Id.* Further, for an habitual offender enhancement as applied to someone convicted of a Level 3 felony, the trial court may impose an additional fixed term of between six and twenty years. I.C. § 35-50-2-8(i)(1). Here, the trial court

imposed a twelve-year term for Reust's Level 3 felony conviction, with an additional thirteen years imposed for the habitual offender enhancement, for an aggregate twenty-five-year term to be served in the DOC.

[15] First, as to the nature of the offense, Reust went to great lengths to conceal contraband from both Deputies Sands and Platt. Not only did Reust refuse to comply with Deputy Platt's instructions the first two times, but he also hid illegal narcotics in a very invasive and private area of his body. We admit that the circumstances surrounding Reust's commission of this crime were not the most extreme or egregious. But, when considered in tandem of our analysis of Reust's character, we find that the nature of the offense does not render Reust's sentence inappropriate.

[16] More to that point, as to Reust's character, Reust has previously been convicted of possession of marijuana, possession of cocaine, possession of a controlled substance, dealing in cocaine, operating a vehicle while intoxicated, and possession of a controlled substance within 1,000 feet of school property. Additionally, he currently has twenty-three criminal charges pending against him from four different felony cases. *See Bailey v. State*, 763 N.E.2d 998, 1004 (Ind. 2002) (holding that a history of criminal activity can reflect poorly on a defendant's character at sentencing); *see also Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (holding that "it is appropriate to consider such a [criminal] record as a poor reflection on the defendant's character, because it may reveal that he . . . has not been deterred even after having been subjected to the police authority of the State[]"). The trial court noted Reust's serious

criminal history during sentencing when it said that the "[a]ggravating circumstances are the substantial volume of [Reust's] criminal history as well as the substantial nature of the crimes involved in [Reust's] criminal history." Appealed Order p. 1.

[17] While we recognize that the trial court imposed a sentence for Reust's Level 3 felony conviction above the advisory sentence, the sheer weight and volume of Reust's criminal background—combined with the sobering fact that Reust was charged with some twenty-three crimes *after* having been charged with the current offense—lead us to conclude that Reust's sentence was not inappropriate. And the crimes with which Reust was charged all fall into the realm of criminal drug possession, use, intoxication, or distribution. This apparent disregard for the rule of law and an unwillingness to rehabilitate his behavior demonstrate that Reust has no remorse for the damage he has caused to himself and his surrounding community. Thus, we find that Reust's character does not render his sentence inappropriate.

[18] In sum, we will not revise Reust's sentence pursuant to Indiana Appellate Rule 7(B).

[19] The judgment of the trial court is affirmed.

Bailey, J., and Vaidik, J., concur.